

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00402-CR

CRYSTAL GIDEON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 100th District Court
Childress County, Texas
Trial Court No. 5382, Honorable Stuart Messer, Presiding

May 22, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Appellant Crystal Gideon was convicted after a guilty plea of the state jail felony of driving while intoxicated with a child passenger. She was sentenced to two years confinement, but her sentence was probated for three years. The State subsequently sought to revoke her probation alleging she had violated its terms and conditions. Appellant pled true to three of the allegations, and the trial court revoked appellant's probation and sentenced her to eighteen months confinement in a state jail facility.

Appellant's appointed counsel has filed a motion to withdraw, together with an *Anders*[1] brief wherein she certified that, after diligently searching the record, she has concluded that appellant's appeal is without merit. Along with her brief, she has filed a copy of a letter sent to appellant informing her of counsel's belief that there was no reversible error and of appellant's right to appeal *pro se*. By letter, this court also notified appellant of her right to file her own brief or response by May 7, 2014, if she wished to do so. To date, no response has been received.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed each phase of the proceeding including 1) the indictment, 2) any adverse pretrial rulings, 3) any adverse rulings during trial on objections or motions, 4) any adverse rulings on post-trial motions, 5) the sufficiency of the evidence, 6) the effectiveness of counsel, 7) any adverse rulings during the punishment phase on objections or motions, 8) whether the sentence imposed was within the range of punishment, and 9) whether the trial court abused its discretion in assessing a sentence of eighteen months. Upon her final analysis, counsel determined that no reversible error existed.

We have conducted our own review of the record to assess the accuracy of appellate counsel's conclusions and to uncover any error, reversible or otherwise, pursuant to *In re Schulman,* 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991). After doing so, we concur with counsel's conclusions.

---

[1] *See Anders v. California*, 386 U.S. 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Accordingly, the motion to withdraw is granted and the judgment is affirmed.[2]

Brian Quinn
Chief Justice

Do not publish.

---

[2] Appellant as the right to file a petition for discretionary review with the Court of Criminal Appeals.